**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAMIE TEATOR,

                   Plaintiff,

            -against-                         COMPLAINT: 1:16-cv-1785

NAVIENT SOLUTIONS, INC. *f/k/a* SALLIE
MAE, INC.

                   Defendant.

## PLAINTIFF'S COMPLAINT

      Plaintiff, JAMIE TEATOR, (hereinafter referred to as "Plaintiff") brings this action for damages, and other legal and equitable remedies resulting from the illegal actions of NAVIENT SOLUTIONS, INC. *f/k/a* SALLIE MAE, INC. ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without Plaintiff's prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA. In an effort to enforce a fundamental right to privacy, Plaintiff alleges, by and through her counsel, Hormozdi Law Firm, LLC, the following against Defendant:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, *et seq.* ("TCPA").

2.  The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.  In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

    > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

    *Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless

2

of the type of call….” *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5.  As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8.  Plaintiff is, and at all times mentioned herein was, a citizen and resident of Poughkeepsie, Dutchess County, New York.

9.  Plaintiff is, and at all times mentioned herein was, a “person” as defined by 47 U.S.C. § 153 (10).

3

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose corporate headquarters are in Wilmington, Delaware.

11. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

12. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of New York and in the County of Dutchess, and within this judicial district.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

13. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express

4

consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

17. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

   a. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

18. Within four years of Plaintiff filing this Complaint, Defendant communicated with Plaintiff regarding Plaintiff's student loan account ("Account").

19. In or around 2015, Defendant began to utilize Plaintiff's cellular telephone number, ending in 8866, to place virtually daily incessant calls to Plaintiff pertaining to the Account.

20. Defendant calls Plaintiff at an annoying and harassing rate, calling up to seven times per day.

21. Since 2015, Defendant has called Plaintiff on her cellular telephone with pre-recorded messages.

22. Defendant calls Plaintiff from the telephone numbers 317-550-5596, 302-261-5793, and 765-637-0793, which are three of Defendant's telephone numbers.

23. Each time Plaintiff answers a call from Defendant, there is a short delay before Plaintiff

is connected to a live person.

24. Plaintiff has told Defendant multiple times to stop calling her.

25. On or around December 7, 2015, Plaintiff's attorney's office mailed a cease and desist request to Defendant's corporate headquarters at 123 S. Justison Street, Wilmington, DE 19801, requesting that Defendant stop all further communications with Plaintiff.

26. Despite Plaintiff's request to stop calling, Defendant continued to place repeated collections calls to Plaintiff's cellular telephone regarding the Account.

27. On or about December 15, 2015, Plaintiff's attorney's office mailed a second cease and desist request to Defendant's corporate headquarters at 123 S. Justison Street, Wilmington, DE 19801, requesting that Defendant stop all further communications with Plaintiff.

28. Nonetheless, Defendant continued to place repeated calls to Plaintiff's cellular telephone, using an "automated telephone dialing system."

29. Defendant called Plaintiff's cell phone on the following non-exhaustive list of dates and times:

    a.  On December 3, 2015 at 8:09 a.m., 9:59 a.m., 1:11 p.m., 3:11 p.m., 5:09 p.m. and 7:24 p.m.;

    b.  On December 4, 2015 at 8:19 a.m., 10:34 a.m., 11:59 a.m., 1:57 p.m., 3:39 p.m. and 6:01 p.m.;

    c.  On December 7, 2015 at 8:04 a.m., 9:46 a.m., 11:38 a.m., 1:15 p.m. and 3:12 p.m.;

    d.  On December 14, 2015 at 9:50 a.m., 10:09 a.m., 11:31 a.m., 1:13 p.m., 3:15 p.m., 4:51 p.m. and 6:11 p.m.;

e.  On December 15, 2015 at 8:19 a.m., 11:32 a.m., 1:14 p.m., 3:10 p.m., 4:41 p.m. and 7:29 p.m.;

f.  On December 16, 2015 at 8:28 a.m., 9:47 a.m., 11:26 a.m., 1:12 p.m., 5:09 p.m. and 7:07 p.m.;

g.  On December 17, 2015 at 8:17 a.m., 9:34 a.m., 12:22 p.m., 3:38 p.m., 5:05 p.m. and 6:48 p.m.;

h.  On December 18, 2015 at 8:08 a.m., 9:32 a.m., 11:02 a.m., 12:42 p.m., 2:15 p.m. and 4:42 p.m.;

i.  On December 19, 2015 at 10:25 a.m. and 7:15 p.m.;

j.  On December 20, 2015 at 7:23 p.m.;

k.  On December 21, 2015 at 10:22 a.m., 11:58 a.m., 2:30 p.m., 3:42 p.m., 5:32 p.m., 7:29 p.m., and 8:32 p.m.;

l.  On December 22, 2015 at 8:32 a.m., 10:48 a.m., 1:31 p.m., 2:40 p.m., 3:45 p.m., 5:40 p.m., and 7:37 p.m.;

m.  On December 23, 2015 at 8:33 a.m., 10:27 a.m., 12:17 p.m., 1:51 p.m., 3:38 p.m., 5:35 p.m., and 7:35 p.m.;

n.  On December 26, 2015 at 10:56 a.m. and 7:14 p.m.;

o.  On December 27, 2015 at 7:20 p.m.;

p.  On December 28, 2015 at 10:19 a.m., 1:21 p.m., 3:24 p.m., 5:34 p.m., 6:45 p.m., and 8:02 p.m.;

q.  On December 29, 2015 at 8:45 a.m., 1:26 p.m., 2:48 p.m., 4:03 p.m., 6:41 p.m., and 8:19 p.m.; and

r.  On December 30, 2015 at 8:36 a.m., 12:15 p.m., and 1:37 p.m.

7

30. Defendant made numerous telephone calls to Plaintiff's cellular telephone. The telephone numbers that Defendant used to contact Plaintiff with an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

31. The calls Defendant placed to Plaintiff's cellular telephone were placed using an automatic telephone dialing system.

32. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

33. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

34. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

35. Defendant's calls are placed to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

37. Plaintiff is not a customer of Defendant's services, and has never provided her cellular telephone number to Defendant for any purpose whatsoever.

38. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her

8

cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

39. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff told Defendant to stop calling her.

40. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

41. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

42. Defendant made unsolicited commercial phone calls to the wireless telephone numbers of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

43. These phone calls were made without the prior express consent of Plaintiff.

44. Defendant's conduct therefore violated the TCPA by:

  a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, JAMIE TEATOR, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC. *f/k/a* SALLIE MAE, INC., for the following:

45. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

46. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

47. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

48. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,



March 9, 2016                          By: /s/ Shireen Hormozdi
                                          Shireen Hormozdi
                                          Hormozdi Law Firm, LLC
                                          1770 Indian Trail Lilburn Road, Suite 175
                                          Norcross, GA 30093
                                          Tel: 678-395-7795
                                          Fax: 866-929-2434
                                          shireen@agrusslawfirm.com
                                          shireen@norcrosslawfirm.com
                                          Attorney for Plaintiff